For plaintiff: Messrs. Edwards & Angell.

For defendant: Messrs. Atwood, Remington, Thomas & Levy.

Bessie Caswell ⎫
    vs.      ⎬ No. 91912.
Gladys Armstrong ⎭

July 21, 1934.

Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $250.00.

This is an action to recover for injury to person and damage to property arising out of collision between an automobile owned and operated by plaintiff and a machine owned by defendant's father and operated by her.

From the evidence it appeared that at about 11:30 o'clock in the evening of September 20, 1933, Mrs. Caswell was operating her machine in an easterly direction in the second traffic lane on Washington Bridge. Before she reached the draw, she ran out of gasoline and her machine stopped in the second lane. She testified that she attempted to get the car to the curb but was unable to do so; that several cars passed her but defendant's car ran into her from behind, damaging her car and injuring her.

It appeared that the bridge was lighted and Miss Armstrong testified that while fog was encountered in certain parts of the city, there was very little fog on the bridge. Mrs. Caswell said that the tail light on her car was operating, while Miss Armstrong said that there was no tail light.

Miss Armstrong testified that her mother was with her; that she was proceeding at a speed of 25 miles per hour; that she could see 100 feet ahead; that a machine which was 75 to 100 feet in front of her turned to its left; that she did not see the Caswell car because of the reflection in

the road and because there was no tail light; that she did not reduce her speed when the car ahead turned to its left.

Upon all of the evidence it clearly was for the jury to say whether Mrs. Caswell was free from negligence and whether the accident was due solely to the negligence of Miss Armstrong. The jury returned its verdict in favor of Mrs. Caswell and against Miss Armstrong. The Court is not permitted to substitute its judgment for that of the jury and the Court thinks, moreover, that there was evidence from which the jury might reasonably reach the verdict which is rendered.

The verdict is not against the weight of the credible testimony either on liability or damages.

Since in the Court's judgment the verdict does substantial justice between the parties, the motion is denied.

For plaintiff: Messrs. Atwood, Remington, Thomas & Levy.

For defendant: Messrs. Edwards & Angell.